UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Cr. No. 94-10287-MLW |
| | ) |
| JAMES J. BULGER, | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                    June 26, 2011

At his June 24, 2011 initial appearance, defendant James J. Bulger requested appointment of Criminal Justice Act ("CJA") counsel and filed, <u>ex parte</u> and under seal, a Financial Affidavit in support of his request. The government objected to the appointment of counsel, asserting that Bulger is believed to have hidden assets in addition to the $800,000 it seized when he was arrested. It also argues that defendant's brother, William Bulger, may be willing to hire counsel for the defendant. The Magistrate Judge ordered the parties to make submissions on June 27, 2011, in support of their respective positions concerning Bulger's request for appointed counsel.[1]

The issues presented by this dispute have been litigated previously in this case with regard to Bulger's co-defendants

---

[1] Beginning in at least September, 1995, this court has not utilized a Magistrate Judge in this case. The court made an exception to this practice and referred the matter of Bulger's initial appearance to the Magistrate Judge. As the initial appearance is concluded, that referral is terminated. Unless otherwise ordered, this court will conduct all future proceedings and decide all matters in this case.

Francis Salemme, Stephen Flemmi, and Robert DeLuca. See <u>United States v. Salemme</u>, 985 F. Supp. 197 (D. Mass. 1997). <u>Salemme</u> describes the principles, standards and procedures, derived from the case law and the pertinent provisions of the Administrative Office of U.S. Courts, <u>Guide to Judiciary Policy</u> (the "<u>Guide</u>"), that the court understands are applicable in deciding whether Bulger is eligible for the appointment of counsel.[2] Those standards and procedures include the following.

The United States Constitution guarantees every citizen a right to counsel in a criminal case against him. See <u>Gideon v. Wainwright</u>, 372 U.S. 335, 343-44 (1963). "[L]awyers in criminal courts are necessities, not luxuries." <u>Id.</u> at 344.

Under the CJA, a defendant in a federal criminal case is entitled to the appointment of counsel at public expense if he "is financially unable to obtain counsel." 18 U.S.C. §3006A(b). The defendant has the burden of proving that he cannot afford to retain counsel. See <u>Salemme</u>, 985 F. Supp. at 201 (citing cases and <u>Guide</u>, §210.40.20(f)). Therefore, he must provide the court with sufficient, accurate information to permit the court to make the eligibility determination. <u>Id.</u>

---

[2] The <u>Guide</u> has been updated since the 1997 <u>Salemme</u> decision. <u>See</u> Administrative Office of U.S. Courts, <u>Guide to Judiciary Policy</u> (2010). However, the provisions of the Guide cited in <u>Salemme</u> have not been materially changed. The sections of the Guide have been renumbered. Citations in this Memorandum and Order are to the sections in the current version of Volume 7 of the Guide.

2

The eligibility determination is made on the basis of income and assets available to the defendant. Assets that have been seized or restrained pending possible forfeiture are not considered to be available to retain counsel. Id. at 203. In addition, "'[t]he initial determination of eligibility should be made without regard to the financial ability of the person's family unless the family indicates willingness and financial ability to retain counsel promptly.'" Id. at 201 (quoting Guide, §210.40.50).

Any doubts concerning a defendant's eligibility should be resolved in his favor. Id. (citing Guide, §210.40.30(b)). If it is later determined that the defendant is financially able to retain counsel, he can be ordered to repay some or all of the costs of his representation. Id.; see also Guide, §220.60. "More specifically, at sentencing, the court can utilize the information in the Presentence Report, among other things, to determine whether" any repayment is required. Salemme, 985 F. Supp. at 201.

In this case the government contends that Bulger's assets are the result of his alleged criminal activity and are subject to forfeiture if he is convicted. See Fourth Superseding Indictment at 90-91.[3] However, while "[t]he prosecution and other interested entities may present to the court information concerning the person's eligibility, [] the judicial inquiry into financial

---

[3] The government is also seeking forfeiture of Bulger's assets in a second pending case, United States v. Bulger, et al., Cr. No. 99-10371-RGS.

3

eligibility shall not be utilized as a forum to discover whether the person has assets subject to forfeiture, or the ability to pay a fine . . . or other purposes not related to the appointment of counsel.'" Salemme, 985 F. Supp at 201 (quoting Guide, §210.40.20(g)).

"As the government recognize[d] [in 1997], in the circumstances of this case, [the] defendant's request for the appointment of counsel involves a conflict between his Fifth Amendment right not to say anything which may tend to incriminate him that could be used against him in a criminal prosecution and his Sixth Amendment right to effective assistance of counsel." Id. at 199-200. Any such conflict may be resolved by requiring the defendant to establish his eligibility for appointment of counsel in an adversary proceeding in which he would be provided use immunity or on the basis ex parte, sealed submissions by the defendant and government to the court. Id. at 200, 202 (citing United States v. Gravatt, 868 F.2d 585, 590-91 (3rd Cir. 1989); United States v. Moore, 671 F.2d 139, 141 (5th Cir. 1982); United States v. Anderson, 567 F.2d 839, 840-41 (8th Cir. 1977)).

This case has been pending for more than sixteen years. It is important that the issue of Bulger's eligibility for the appointment of counsel be decided as promptly as possible to permit the case to proceed. It is also important that the decision be made in a way carefully calibrated to strike the best balance between

4

the competing Fifth and Sixth Amendment constitutional interests that are implicated.

Accordingly, it is hereby ORDERED that:

1. Counsel for the parties shall confer to determine whether they can reach an agreement on a proposed resolution of the dispute concerning Bulger's eligibility for the appointment of counsel, perhaps on the basis of an Order similar to the attached November 14, 1997 Order concerning Salemme, Flemmi, or DeLuca. Counsel shall also attempt to agree concerning the process to be proposed for deciding Bulger's eligibility for appointment of counsel if the issue remains in dispute.

2. The parties shall, by June 27, 2011, at 5:00 p.m., file a report on the results of their discussions, and memoranda and affidavits addressing the issues raised by this Memorandum and amplified in Salemme, 985 F. Supp. 197 (D. Mass. 1997). Such memoranda shall identify any relevant case law since the Salemme decision.

3. This court will conduct a hearing on Bulger's request for appointment of counsel on June 29, 2011, at 10:00 a.m.

                                          /s/ Mark L. Wolf
                                  UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 94-10287 |
| | ) | |
| FRANCIS P. SALEMME, et al. | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 97-10009 |
| | ) | |
| JOHN MARTORANO | ) | |

## ORDER

WOLF, D.J.                                November 14, 1997

Upon consideration of the affidavits of the parties filed <u>ex parte</u> and under seal, the defendants' responses under oath to the court's <u>in camera</u> inquiry on November 12, 1997, and the arguments of the parties, the court finds that:

1. Defendant Robert DeLuca has since June 1, 1997 been financially unable to continue to retain counsel privately and his wife is not willing to contribute any income or assets she may have to do so.

2. Defendant Stephen Flemmi has since March 1, 1997 been financially unable to retain counsel privately.

3. Defendant Francis Salemme has since June 1, 1997 been financially unable to retain counsel privately and his wife is not willing to contribute any income or assets she may have to do so.

4. In the context of this extremely complex, lengthy and difficult case, it is in the interest of the administration of justice to provide continuity of counsel by appointing previously retained counsel to represent the foregoing defendants under the

Criminal Justice Act, 18 U.S.C. § 3006A. See United States District Court for the District of Massachusetts Plan for Implementing the Criminal Justice Act of 1964, as Amended 18 U.S.C. § 3006A, § V.A.

5. In this extremely difficult case it is in the interest of the administration of justice to appoint John Mitchell, Esq. as co-counsel for Salemme with Anthony Cardinale, Esq. See 7 Administrative Office of the United States Courts, Guide to Judiciary Policies and Procedures, Appointment of Counsel in Criminal Cases § 2.11(B). More specifically, Mr. Mitchell and Mr. Cardinale have, as retained counsel, previously divided the responsibility for preparing submissions and representing Salemme in court. It is both fair and cost-efficient to continue their dual representation of Salemme at least for pretrial purposes. The court contemplates that it will not be necessary for Mr. Mitchell to attend all hearings and, therefore, any redundancy and arguably unnecessary expense should be minimized. In any event, this court, and the Court of Appeals, retain the power to assure that only reasonable compensation is paid by the public for Salemme's representation as they must review counsels' requests for compensation and determine the amounts to be approved as reasonable and to be paid.

Accordingly, it is hereby ORDERED that:

1. Anthony Cardinale, Esq. is appointed, <u>nunc pro tunc</u> June 1, 1997, as CJA counsel for DeLuca until successor CJA counsel can be identified and appointed. <u>See</u> November 5, 1997 Memorandum and Order at 13, n.3.

2. Kenneth Fishman, Esq. is appointed, <u>nunc pro tunc</u> March 1, 1997, as CJA counsel for Flemmi.

3. Anthony Cardinale, Esq.[1] and John Mitchell, Esq. are appointed, <u>nunc pro tunc</u> June 1, 1997, as co-counsel for Salemme.

4. The court will soon issue Orders prescribing the manner in which Messrs. Cardinale, Fishman, and Mitchell shall submit their CJA vouchers.

5. DeLuca, Flemmi, and Salemme shall each promptly inform his attorney(s) and the court of any possibly material improvement of his ability to pay some or all of the expense of his representation. In any event, if DeLuca, Flemmi, and/or Salemme is convicted in this case, the court intends to use the information in his Presentence Report, and any other available information, to determine if he should be ordered to repay any or all of the cost of his appointed counsel.

/s/ <br>
UNITED STATES DISTRICT COURT

---

[1] As discussed at the hearing on November 12, 1997, Mr. Cardinale will not receive double compensation for his representation of both DeLuca and Salemme.

3