UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 94-10287-MLW |
| | ) |
| JAMES J. BULGER | ) |
| | ) |

GOVERNMENT'S SUBMISSION OF AFFIDAVIT FROM
U.S.ATTORNEY CARMEN M. ORTIZ
**FILED UNDER SEAL**

Pursuant to the Court's oral order on June 28, 2011, the government hereby respectfully submits an affidavit from United States Attorney Carmen M. Ortiz.

                Respectfully submitted,

                CARMEN M.ORTIZ
                United States Attorney

        By:

DATED: June 29, 2011

                BRIAN T. KELLY
                Chief, Public Corruption Unit
                FRED M. WYSHAK, JR.
                Senior Litigation Counsel
                Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

Suffolk, ss.                Boston, Massachusetts
                            June 29, 2011

I, Brian T. Kelly, Assistant U.S. Attorney, do hereby

certify that I have caused a copy of the foregoing to be served on defense counsel in this case (Peter Krupp, Esq.).

_____
BRIAN T. KELLY
Chief, Public Corruption Unit
Assistant U.S. Attorney

## AFFIDAVIT

I, Carmen Milagros Ortiz, declare the following to be true and correct to the best of my knowledge:

1. I am the United States Attorney for the District of Massachusetts. I have held this position since November 2009. Prior to becoming the United States Attorney, I held the position of Assistant United States Attorney in this District for approximately 12 ½ years.

2. On Monday June 27, 2011, I scheduled a meeting for the following day with the agents and officers in charge (or their designees) of those law enforcement agencies involved in the investigation and prosecution of James J. Bulger and Catherine Greig. Those law enforcement agencies included the Federal Bureau of Investigation, the Drug Enforcement Agency, the United States Marshal's Service, the Internal Revenue Service, and the Massachusetts State Police.

3. At approximately 10 a.m. on Tuesday June 28, 2011, I met with these law enforcement agencies, and members of the prosecution team from the U.S. Attorney's Office. During this meeting I noted my grave concern regarding information being reported in the media about recent developments in this investigation. In particular, I noted my concern regarding the information that first appeared in the Sunday *Boston Globe* relating to statements allegedly made by Mr. Bulger after his arrest in Santa Monica, California. I informed those present that we must take all possible measures to prevent the release of information to the media prior to its introduction in court. I also explained that, going forward, all members of any law enforcement agency assigned to this investigation must keep case-related matters strictly confidential, and that any contacts with the media be coordinated through the Office of the United States Attorney. I also told all present that it is critical to adhere to the Department of Justice's regulations and guidance regarding contact with the media, related Local Rules, and case law. I note that I had this conversation with these law enforcement agencies prior to the hearing on Tuesday June 28, 2011.

...

      4. In addition, and by way of background, on April 12, 2011, I sent to all Special Agents in Charge of federal law enforcement agencies in Massachusetts a detailed memorandum regarding the national and local restrictions on contacts with the media. That memorandum outlined the applicable Department of Justice (DOJ) regulations, DOJ policy, the relevant Local Rules and related case law. Among other things, that memorandum advised them that any communication with the media by any investigative agency or their employees about pending matters or investigations must be approved by the U.S. Attorney's Office, through our press office. In a similar fashion, since becoming United States Attorney I have issued a new internal office policy regarding contacts with the media which also outlines the relevant policy and law.

      5. Since the hearing on the afternoon of June 28, 2011, and in response to the Court's order entered in Crim.No. 94-10287-MLW, I have communicated in writing with the law enforcement agencies listed above. I have requested that each of those agencies conduct an initial assessment of whether any person on their staff has communicated with the media regarding any statements which Mr. Bulger or Ms. Greig made after their arrests in Santa Monica. I intend to evaluate the initial assessments made by these agencies to determine whether an investigation of potential violations of DOJ policy or the Local Rules is warranted, either by my office or the DOJ's Office of Professional Responsibility. Moreover, I have begun the process of putting into place a formal protocol for access to any investigative material obtained since the defendants' arrests in Santa Monica.

      6. Since the time of the hearing on June 28, 2011, I have also spoken with the United States Attorney for the Central District of California in Los Angeles, Andre Birotte, Jr. I requested that he communicate my concern regarding contacts with the media to members of law enforcement involved in the arrest, detention and transport of the defendants, and those law enforcement agencies involved in the search of the defendants' apartment in Santa Monica. I have asked him to take all necessary steps to ensure that the information obtained since the defendants' arrests remain confidential. I have also

2

discussed with him the particular sensitivities of this case and the Local Rules in Massachusetts.

Signed under the pains and penalties of perjury this 28th day of June 2011.

*Carmen M. Ortiz*
Carmen M. Ortiz
United States Attorney