UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | Crim. No. 94-10287-MLW |
| | ) | |
| JAMES J. BULGER | ) | |

**DEFENDANT'S RENEWED MOTION FOR PRODUCTION OF SEALED DOCUMENTS**

The defendant, James Bulger, moves that this Court order that sealed records on the docket in this case relating to rewards, promises and inducements to government witnesses in United States v. Bulger be produced to defense counsel. As grounds therefor, defendant states the following:

The defendant is currently being tried before Judge Denise Casper in United States v. Bulger, docket #99-10371. In October 2012, the defendant sought to obtain sealed records in his current case as well as the sealed records in other cases where he was a co-defendant. One such motion was filed before this court. ECF Dkt. 2355, Def's Mtn. for Production of Sealed Documents, Oct. 31, 2012. After the government and defense conferred and were unable to reach an agreement about which documents should be provided, the government reviewed the sealed transcripts and sealed pleadings and disclosed select documents

1

to the defense subject to court approval and subject to an agreed-upon protective order. See ECF Dkt. 2361, Gov.'s Submission in Response to Court Order Dated Dec. 5, 2012, Dec. 11, 2012.

Discovery indicates that both John Martorano[1] and Kevin Weeks have been conducting criminal activity since their release from prison. Allegedly, Martorano and Weeks has been engaging in this activity with Patrick Nee.[2] The forbearance of investigations and/or prosecutions into these individuals is a promise, reward, and inducement. The defense renews its motion seeking documents evincing promises, rewards, or inducements to former defendants, now cooperating witnesses Weeks and Martorano. *These documents are to include any pleadings acknowledging or allowing special treatment or protection for Patrick Nee by law enforcement and/or any prosecutive body.* Any

---

[1] The defense has received information from numerous sources that Martorano has continued to commit crimes since his release from federal prison, and has information that a high-ranking ttorney in the United States Attorney's Office received a letter from a member of the Massachusetts State Police indicating that Martorano's police handlers have been shielding him from investigations.

[2] The government has disclosed in discovery a 2006 FBI report containing a tip that Kevin Weeks and Patrick Nee were selling narcotics illegally. The defense requested the source of these tips, see 99-10371 ECF Dkt. 937, Discovery Letter, May 24, 2013, and the requests have been repeatedly denied by the government. Letter from USAO, May 30, 2013 refusing to identify informant (citing 99-10371 ECF Dkt. 922, Gov.'s Motion in Opposition to Def's Motion to Disclose Source, May 20, 2013). Further, the government provided a 302 report in this case indicating that Weeks and Martorano sent assurances that they would not incriminate certain individuals. The defense sought the name of the confidential informant from the 302, 99-10371 ECF Dkt. 914, May 15, 2013. The defendant's motion was opposed by the government, 99-10371 ECF Dkt. 922, Gov.'s Motion in Opposition to Def's Motion to Disclose Source, May 20, 2013, and denied by the court. 99-10371 ECF Dkt. 938, Electronic Order on (914) Def.'s Motion to Disclose Informants, May 24, 2013.

documents provided would be governed by the Court's January 24, 2013 Order. ECF Dkt. 2378, Jan. 24, 2013. The defense requests an *in camera* review of the documents, as opposed to again relying on the government to provide the documents they believe would be relevant to preparing the defense.

WHEREFORE, the defendant moves that this Court order that the sealed records on the docket in this case relating to protection of the government-acknowledged murderer Patrick Nee[3] be produced to defense counsel.

## Local Rule Certification

Counsel for the defendant files this discovery motion, and intends to file future discovery motions, pursuant to the exemptions in Local Rule 116.3(e)-(f). Both subsections (e) and (f) state that discovery motions can be filed in emergencies. Given that trial will begin in a few days and that the defendant will not have time to wait for 14 days to receive a response from the government on discovery matters, the defendant will immediately file discovery motions in lieu of letters. The failure to do so would be ineffective assistance of counsel and would endanger the defendant's right to a fair trial.

JAMES J. BULGER
By His Attorneys,

---

[3] Status Hearing Trans., May 22, 2013 at 23 (AUSA Kelly: "We don't have to drag in Pat Nee to this trial. We don't have to give him immunity, he's a murderer, too.").

3

CARNEY & BASSIL

*J. W. Carney, Jr.*
J. W. Carney, Jr.
B.B.O. # 074760

*Henry B. Brennan*
Henry B. Brennan
B.B.O. # 634036

Carney & Bassil
20 Park Plaza, Suite 1405
Boston, MA 02116
617-338-5566

Dated: June 10, 2013

## Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

*J. W. Carney, Jr.*
J. W. Carney, Jr.